Morrie Slifkin, J.
This is a petition filed by a Deputy Sheriff, alleging the respondent to be a person in need of supervision (Family Ct. Act, § 733). In essence, the petition alleges that on March 13, 1967, petitioner observed respondent smoking marijuana in the company of three youths. On April 18, 1967, in response to a subpoena served by the District Attorney of Westchester County, the respondent testified before the Grand Jury of Westchester County and thereafter on March 13, 1967, the Grand Jury returned an indictment against the three youths hereinabove referred to for crimes relating to the possession and use of marijuana. The sixth count of the indictment charged these defendants with placing a child in such a situation as to make it likely to impair its morals by giving marijuana to the above-named respondent.
The instant motion has been made by the Law Guardian seeking in the alternative an order permitting the inspection of Grand Jury minutes or to dismiss the petition on the grounds that it cannot be maintained since it is in derogation of respondent’s constitutional rights.
Although section 781 of the Family Court Act makes clear that proceedings in the Family Court relating to juveniles and particularly juvenile delinquency proceedings are not criminal *424 in character, nevertheless, it appears that constitutional safeguards must be granted to a juvenile (Matter of Williams, 49 Misc 2d 154; Pee v. United States, 274 F. 2d 556; Matter of Gregory W., 19 N Y 2d 55).
In his learned and brief treatise, The New Confession Standards, Miranda v. Arizona, published by Criminal Law Bulletin, Inc. and by Gould Publications, Judge Nathan R. Sobel, at page 97, speaking of Grand Jury interrogations, briefly and succinctly summarizes the New York law as follows: “ A minority of states including New York, now hold that a ‘ witness ’ or a 1 target ’ subpoenaed before a grand jury is deemed ‘ compelled ’. This is a state constitutional holding rather than a command of federal due process. Under such state constitutional holdings, if the ‘ witness ’ or ‘ target ’ testifies, no matter how voluntarily, a resulting indictment must be dismissed. (People v. Steuding, 6 N Y 2d 214). The service of a subpoena constituted £ compulsion ’. His privilege was violated despite the fact that he did not claim it or that he testified voluntarily. ’ ’
The court holds and finds this respondent is entitled to the same constitutional protection and immunities as granted to an adult in a like situation. (Matter of Gault, 387 U. S. 1.) The court finds that the respondent is squarely within the purview of the cases and quotations hereinabove set forth and, having testified before the Grand Jury and having not waived her immunity, since as a juvenile she is not granted such a power, the proceeding is herewith dismissed.